IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN BREWER,<br><br>        Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION** and **ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:12-cv-561-DN-EJF<br>District Judge David Nuffer |

  Plaintiff Susan Brewer filed objections[1] to the Report and Recommendation (R & R) issued on August 6, 2013. The R & R recommends that this court "AFFIRM the Commissioner's decision that Ms. Brewer does not qualify for Social Security benefits."[2] For the reasons discussed below, the court OVERRULES the objections, ADOPTS the R & R, and AFFIRMS the Commissioner's decision denying benefits.

## BACKGROUND

  Brewer's appeal of the Commissioner's final decision denying benefits was referred to Magistrate Judge Evelyn Furse under 28 U.S.C. § 636(b)(1)(B).[3] After "[h]aving carefully considered the complete record in this matter and the parties' Memoranda,"[4] Judge Furse issued an R & R recommending that this court affirm the Commissioner's decision denying disability

---

[1] Plaintiff's Objections to the Magistrate's Report and Recommendation (Objection), docket no. 24, filed August 22, 2013.

[2] Report and Recommendation (R & R) at 1, docket no. 21, filed August 6, 2013.

[3] *See* Docket Text Order Referring Case, docket no. 6, filed June 15, 2012.

[4] R & R at 1.

benefits because the decision is supported by substantial evidence and free from harmful legal error.[5]

Brewer raises several objections to the R & R. She claims that the magistrate judge "did not use the proper standard for harmless error;"[6] that there is insufficient evidence to meet a harmless error standard for the credibility or residual functional capacity (RFC) determinations;[7] and that the ALJ committed legal error when he "did not discuss uncontroverted probative evidence that he chose not to rely upon."[8] The Commissioner filed a response to the objections urging the court to adopt the R & R and affirm the Commissioner's final decision.[9]

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[10] Under de novo review, this court will review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.[11] But the court will not reweigh the evidence or substitute its judgment for the Commissioner's.[12] This is the same standard set forth in the R & R.[13]

---

[5] *Id.* at 11, 13.

[6] Objection at 1.

[7] *Id.* at 2.

[8] *Id.*

[9] Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Response) at 8, docket no. 25, filed September 3, 2013.

[10] 28 U.S.C. § 636(b)(1)(C).

[11] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[12] *Id.*

[13] R & R at 6-7.

## DISCUSSION

### 1. Correct Application of Harmless Error Doctrine

Brewer's first objection is that "[t]he Magistrate Judge did not use the proper standard for harmless error, which is that such a finding is warranted where a Court 'could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'"[14] This is the standard for harmless error analysis when the court must supply a missing dispositive finding that the ALJ failed to make.[15] But the Tenth Circuit describes the more common application of the harmless error doctrine in the "somewhat unique, nonadversarial setting" of social security disability cases when "certain technical errors were 'minor enough not to undermine confidence in the determination of th[e] case.'"[16] The latter application of harmless error is present in this case.

The R &R concluded[17] that the ALJ properly followed the *Winfrey*[18] test to find that Brewer was "capable of performing her past relevant work,"[19] and substantial evidence supported the findings.[20] The ALJ evaluated Brewer's physical and mental RFC and the physical and mental demands of her past relevant work, and found that her RFC did not preclude her past relevant work as a sales clerk.[21]

To further support this step-four conclusion, the ALJ added that "the vocational expert opined that someone capable of a significant range of light work could perform the claimant's

---

[14] Objection at 1-2 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)).

[15] *See Allen,* 357 F.3d at 1145.

[16] *Id.* (quoting *Gay v. Sullivan*, 986 F.2d 1136, 1341 n.3 (10th Cir. 1993)).

[17] R & R at 12-13.

[18] *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).

[19] R. at 40.

[20] R & R at 12-13.

[21] *Id.* at 38-41.

past relevant work in the retail sector as she performed it."[22] This statement by the ALJ is incorrect – the vocational expert did not provide this opinion. The R & R acknowledges that "the ALJ misconstrued the vocational expert's testimony by stating the vocational expert determined Ms. Brewer could perform her past relevant work."[23] This is the technical error that the magistrate judge found harmless enough not to undermine the ALJ's finding "because it does not affect the overall ruling that Ms. Brewer does not qualify for DIB."[24] This is correct. The ALJ's step-four conclusion was already supported by substantial evidence and a proper analysis. Even though the ALJ misconstrued the vocational expert's testimony, the decision did not rely solely on that testimony. The error in misconstruing the vocational expert's testimony was harmless in this instance because the step-four finding was already supported by other substantial evidence.

Further, the magistrate judge used the correct standard in finding harmless error because the "error [was] merely a technical error 'minor enough not to undermine the confidence in the determination of th[e] case.'"[25] This case did not involve a decision with missing dispositive findings. The magistrate judge did not supply any missing findings and thus had no need to invoke the harmless error standard Brewer urges which is applicable when a court must determine whether "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[26]

---

[22] R. at 41.

[23] R & R at 10.

[24] *Id.*

[25] *Gomez v. Astrue*, No. 11-cv-03131-LTB, 2013 WL 627154, at *9 (D.Colo. Feb. 20, 2013) (quoting *Gay*, 986 F.2d at 1341 n.3).

[26] *Allen*, 357 F.3d at 1145.

## 2. Correct Standard of Review of ALJ's Decision

Brewer argues that "[n]either the credibility determination nor the residual functional capacity (RFC) determination provide sufficient evidence to meet a harmless error standard."[27] She further urges that "[a] reasonable factfinder, following the correct analysis, could have resolved the matter differently, for a number of reasons."[28] These arguments fail on both counts. First, the harmless error analysis was not applied to the credibility or RFC determinations in this case. The only error determined to be harmless was the ALJ's application of misconstrued vocational expert testimony in the step-four analysis.[29]

Second, whether another factfinder might have resolved this matter differently is not the appropriate standard of judicial review. As stated earlier, the court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied, but will not reweigh the evidence or substitute its judgment for the Commissioner's.[30] As the R & R noted:

> "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence,'" and the Court may not "'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'"[31]

Here, after a complete review of the record, it is clear that the magistrate judge used the proper standard in reviewing the ALJ's decision; the ALJ's findings were supported by substantial evidence; and the correct legal standard was applied.[32] Thus, Brewer's objection that

---

[27] Objection at 2.

[28] *Id.*

[29] R & R at 11.

[30] *Lax*, 489 F.3d at 1084.

[31] R & R at 7 (quoting *Lax*, 489 F.3d at 1084 (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004))).

[32] *Lax*, 489 F.3d at 1084.

another "reasonable factfinder" might have weighed the record medical opinions and treatment notes differently and "could have" come to different conclusions[33] cannot be sustained under the proper standard of judicial review of the agency's decision. Brewer has failed to show that the ALJ's decision was unsupported by substantial record evidence.[34]

## 3. No Legal Error

Brewer relies on *Clifton v. Chater*[35] to claim that the ALJ committed legal error in his discussion regarding the testimony of the vocational expert. In *Clifton*, the Tenth Circuit determined that the ALJ erred by failing make specific findings at step three, including the reasons for accepting or rejecting evidence.[36] Brewer claims that *Clifton* requires the ALJ to discuss the evidence he did not rely on in the decision. She argues that the ALJ "stated that he based his decision on the testimony of the vocational expert (VE). He did not identify the testimony as controverting his findings, thus he did not discuss it."[37] This is just a restatement of the argument regarding the ALJ's misinterpretation of the vocational expert's testimony.

Here, the ALJ thoroughly set out the record evidence and discussed the reasons for accepting or rejecting the evidence in his step-three analysis as required by *Clifton*. As discussed earlier, the ALJ only applied the misinterpreted vocational expert testimony in the step-four analysis. Contrary to Brewer's allegation, the ALJ did not rely solely on this testimony in the decision. The ALJ's step-four determination was already supported by a proper analysis and substantial evidence. Because the court has already determined that the misinterpretation of the

---

[33] Objection at 2-4.

[34] *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) ("Evidence is insubstantial if it is overwhelmingly contradicted by other evidence.").

[35] 79 F.3d 1007 (10th Cir. 1996).

[36] *Id.* at 1010.

[37] Objection at 2.

vocational expert's testimony was a harmless technical error that did not "undermine confidence in the determination of th[e] case,"[38] the court cannot find that this harmless error somehow results in the legal error Brewer alleges.

## ORDER

IT IS HEREBY ORDERED that Brewer's objections[39] to the R & R are OVERRULED.

IT IS FURTHER ORDERD THAT the R & R is ADOPTED, and the Commissioner's decision denying benefits is AFFIRMED.

Signed September 22, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[38] *Gay*, 986 F.2d at 1341 n.3.

[39] Docket no. 24.